**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2994
_____

MAXIMILIANO ROMERO,
                                          Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency Case No. A094-182-517)
Immigration Judge: Yon K. Alberdi
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 2, 2024
_____

Before: SHWARTZ, MATEY, FISHER, *Circuit Judges*.

(Filed: January 30, 2025)
_____

OPINION[*]
_____

_____

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Maximiliano Romero petitions for review of a decision by the Board of Immigration Appeals ("BIA") finding him ineligible for deferral of removal under the Convention Against Torture ("CAT"). We see no error in the BIA's decision and will deny Romero's petition.

**I.**

Romero, a native and citizen of El Salvador, has been removed from the United States several times for illegal reentry following an aggravated felony conviction. Most recently, in 2015, Romero was encountered by Border Patrol agents in Falfurrias, Texas after attempting to illegally reenter the country for at least the third time following his first removal in 1999. The Department of Homeland Security served Romero with a Notice of Intent/Decision to Reinstate his 1999 removal order.

Romero conceded that he is ineligible for withholding of removal due to his aggravated felony conviction and instead sought deferral of removal under the CAT. Romero's sole argument on appeal is that he will be tortured at the hands of the Salvadoran government if he is returned to El Salvador.[1]

---

[1] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3) and we have jurisdiction under 8 U.S.C. § 1252(a)(1). "[W]here, as here, the BIA 'affirmed and partially reiterated' the IJ's determinations, we review both decisions." *Blanco v. Att'y Gen.*, 967 F.3d 304, 310 (3d Cir. 2020) (quoting *Sandie v. Att'y Gen.*, 562 F.3d 246, 250 (3d Cir. 2009)). We review factual findings for substantial evidence and legal determinations de novo. *Saban-Cach v. Att'y Gen.*, 58 F.4th 716, 724 n.23 (3d Cir. 2023). Romero should have filed his petition with the Eleventh Circuit because the IJ who completed his proceedings was located in Orlando, Florida. *See* 8 U.S.C. § 1252(b)(2) ("The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."). But "section 1252(b)(2) is a

2

**II.**

We have little difficulty concluding that the decisions of the IJ and BIA are supported by substantial evidence. The IJ concluded that Romero is unlikely to be detained if he has in fact "given up his criminal ways," App. 65, and we see no error in this conclusion. And even if Romero is detained, it is unlikely that his detention would constitute torture. The BIA correctly observed that the "detention of former or suspected gang members itself does not constitute torture." App. 5. And Romero concedes that even "deplorable prison conditions are not inherently torturous." Opening Br. 26, 28; *accord Francois v. Gonzales*, 448 F.3d 645, 652 (3d Cir. 2006) (explaining that "conditions of confinement, without more, do not constitute torture under the CAT"). Even if the conditions in Salvadoran prisons might be deplorable, Romero has not justified deferral of his removal under the CAT because he has not shown that the Salvadoran government will "intentionally inflict[]" any "severe physical or mental pain or suffering" upon him. *Auguste v. Ridge*, 395 F.3d 123, 151 (3d Cir. 2005).

In sum, we agree with the IJ, who explained that Romero's application for deferral of removal depends on a hypothetical "chain of events" that we do "not believe would take place." App. 64.

---

non-jurisdictional venue provision," *Khouzam v. Att'y Gen.*, 549 F.3d 235, 249 (3d Cir. 2008), and the parties jointly ask us to retain venue as a prudential matter. As transfer to the Eleventh Circuit would further delay resolution of this long-running matter, we will retain venue.

\* \* \* \*

For these reasons, we will deny the petition for review.